IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FERMINA LAYGUI,                                    Case No. 6:13-cv-00327-AA
                                                   OPINION AND ORDER
          Plaintiff,

     v.

WAL-MART STORES, INC.,

          Defendant.
_____

Gregory A. Bunnell
Meagan A. Flynn
Preston Bunnell & Flynn, LLP
1200 NW Naito Parkway, Suite 690
Portland, Oregon 97209
     Attorneys for plaintiff

Jay R. Chock
John R. Barhoum
Chock Barhoum LLP
121 SW Morrison Street, Suite 415
Portland, Oregon 97204
     Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant Wal-Mart Stores, Inc., moves for summary judgment on plaintiff Fermina Laygui's negligence claim pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, defendant's motion is granted and this case is dismissed.

## BACKGROUND

On February 21, 2012, plaintiff slipped and fell, injuring her knee, while shopping in defendant's Coos Bay, Oregon, store. Plaintiff entered the store to purchase "potty pads" for her dogs and a bottle of Pine-Sol. After leaving the detergent aisle, plaintiff headed toward the cash registers and tripped; she did not recall seeing or stepping in any foreign substance at any time while in defendant's store. Several of defendant's employees responded to plaintiff after her fall, one of whom, Matt Fyfe, wiped her foot and told her she had "blue stuff" on her shoe that "could have been detergent." Laygui Dep. 61:3-6, 62:8-9. Plaintiff did not touch or smell the substance and had no idea where it originated from.

After attending to plaintiff, Fyfe walked to the detergent aisle and examined the area. He noticed a small amount of detergent on the floor, underneath a shelf, with no foot indentation in it. He proceeded to wipe the area clean before returning to plaintiff, who was being assisted by multiple other employees. Subsequent video footage shows Fyfe returning to the detergent aisle and

Page 2 - OPINION AND ORDER

wiping the floor again.

On January 24, 2013, plaintiff filed a complaint in Coos County Circuit Court, alleging a negligence claim against defendant. On February 25, 2013, defendant removed plaintiff's complaint to this Court. On April 23, 2014, defendant moved for summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, affidavits, answers to interrogatories, and admissions on file, if any, show "that there is no genuine dispute at to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T.W. Elec. Servs., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary

Page 3 - OPINION AND ORDER

judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., 809 F.2d at 630.

## DISCUSSION

This dispute centers on whether defendant was negligent in maintaining its store premises. In order to prevail on a negligence claim under Oregon law, an invitee who slips on a foreign substance in an occupant's store must prove that: (1) the substance was placed there by the occupant; (2) the occupant knew the substance was on the floor and failed to remove it; or (3) the substance had been on the floor for a sufficient amount of time, such that the occupant should have discovered and removed it. Van Den Bron v. Fred Meyer, Inc., 86 Or.App. 329, 331, 738 P.2d 1011 (1987). It is undisputed that the first circumstance does not apply here. See Pl.'s Resp. to Mot. Summ. J. at 1-3. As such, summary judgment hinges on what defendant knew or reasonably should have known about floor conditions in its store at the time plaintiff was injured.

I.   Actual Knowledge of a Substance on the Floor

Plaintiff asserts "that defendant had actual knowledge [because the] location of the substance as described by the WalMart employee (Fyfe) - under the shelves - and the fact no bottles of spilled liquid were seen on the floor are most consistent with

Page 4 - OPINION AND ORDER

residual substance from an earlier poorly-cleaned spill." Pl.'s Resp. to Mot. Summ. J. at 3. According to plaintiff, "[t]his evidence suggests that the detergent under the shelf was the outer edge of an earlier spill that defendant [knew about and attempted to clean] but did not clean fully." Id. at 10.

"In order for there to be a triable issue as to whether defendant's conduct did or did not meet the appropriate standard of care there must be evidence of defendant's conduct." Dubry v. Safeway Stores, Inc., 70 Or.App. 183, 186, 689 P.2d 319 (1984). Speculation and guesswork are not permissible means by which a jury may find negligence. Griffin v. K.E. McKay's Market of Coos Bay, Inc., 125 Or.App. 448, 450-52, 865 P.2d 1320 (1993). In other words, it "is not sufficient to impose liability simply because the material was on the floor." Dubry, 70 Or.App. at 188.

Here, the record is inadequate to create a genuine issue of material fact under the second circumstance outlined in Van Den Bron. Plaintiff offered no direct evidence indicating that, at any point prior to her fall, defendant's employees actually knew that detergent, or any other substance, had been spilled on the floor. Nor is there any direct evidence that plaintiff, in fact, slipped on a substance on the floor. Moreover, plaintiff provided no evidence demonstrating there was an earlier spill that defendant cleaned up, poorly or otherwise. As defendant notes, "[p]laintiff asks the Court to make a gigantic leap by inferring that these few

Page 5 - OPINION AND ORDER

drops must have come from a prior spill that Wal-Mart cleaned up [but it] is just as likely, if not more likely, that these drops came from a bottle of detergent that was leaking [from] a customer [dropping] it in her cart . . . No one knows." Def.'s Reply to Mot. Summ. J. at 3.

The Court finds that, given the record before it, a jury would be forced to speculate as to whether defendant's actions or inactions were the impetus of plaintiff's fall, as well as whether one of defendant's employees knew of an earlier spill and failed to properly clean it up. Yet "Oregon courts do not permit liability findings rooted in [this type of] conjecture." Feazle-Hurt v. Target Corp., 2013 WL 5797601, *4-5 (D.Or. Oct. 28, 2013). Therefore, defendant's motion is granted in this regard.

II.  Reasonably Should Have Discovered a Substance on the Floor

Plaintiff also contends that "the liquid was in the aisle for long enough that defendant should have discovered and removed it in the exercise of reasonable care - either through a scheduled 'safety sweep' or though greater vigilance by the employee shown to be working in the aisle 30-40 minutes before plaintiff entered." Pl.'s Resp. to Mot. Summ. J. at 3.

"[I]n the absence of proof from which a jury can draw an inference of how long the substance was on the floor, there is no basis to find defendant negligent." Weiskopf v. Safeway Stores, Inc., 271 Or. 630, 632, 533 P.2d 347 (1975) (collecting cases).

Page 6 - OPINION AND ORDER

Accordingly, "there must be some evidence of how long the offending material was on the floor" in order to establish liability. <u>Dubry</u>, 70 Or.App. at 188. Further, it is well-established under Oregon law that "[t]he regularity of maintenance to the area is irrelevant to determining how long the substance was on the floor." <u>Cardenas v. Wal-Mart Stores, Inc.</u>, 2014 WL 2949332, *4 (D.Or. June 27, 2014) (citing <u>Diller v. Safeway Stores, Inc.</u>, 274 Or. 735, 738, 548 P.2d. 1304 (1976); <u>Pavlik v. Albertson's Inc.</u>, 253 Or. 370, 374-75, 454 P.2d 852 (1969)). If the evidence does not show that the spill preexisted inspection, "the evidence has no bearing on whether it was reasonable for the inspecting employee to discover the spill." <u>Id.</u>

Plaintiff's opposition to summary judgment rests primarily on the assertion that Wal-Mart <u>should</u> have discovered the detergent spill based on various procedures and policies it had in place. <u>See, e.g.,</u> Pl.'s Resp. to Mot. Summ. J. at 9; <u>see also</u> Chimeo Dep. 24:9-18; Lawson Dep. 36:10-15. Plaintiff, however, proffers no evidence concerning how long the detergent, or any other substance, had been on the floor prior to her fall. Without evidence of when the spill occurred, it is equally as probable that the detergent leaked immediately before plaintiff's fall as it was that the spill occurred two hours prior. <u>Weiskopf</u>, 271 Or. at 632. Thus, there is no proof from which a jury could infer how long the detergent had been on the floor or whether a scheduled safety sweep could have or

should have remedied the spill.

Nevertheless, in some cases, the plaintiff survived summary judgment by making reference to the nature of the substance which caused his fall, to show that the substance had been on the floor for a substantial period of time. See, e.g., Zumbusch v. Wal-Mart Stores, Inc., 940 F.Supp.2d 1308, 1314-16 (D.Or. 2013) (citing Audas v. Montgomery Ward, Inc., 79 Or.App. 718, 720, 719 P.2d 1334 (1986); Munro v. Richard's Food Ctr., Inc., 86 Or.App. 620, 622, 739 P.2d 1097 (1987)). Plaintiff here offers no such evidence. In fact, plaintiff does not remember seeing detergent, or any other substance, on the floor before, during or after her fall. See Laygui Dep. 61:7-22. Indeed, it is not clear from the record before the Court that her fall was caused by a spilled substance. See Lea v. Gino's Pizza Inn, Inc., 271 Or. 682, 687-88, 534 P.2d 179 (1975) (negligence cannot be established in a slip-and-fall case without evidence showing that a foreign substance on the floor caused the plaintiff's fall). For this reason, the precedent on which plaintiff relies is distinguishable.

Finally, to the extent she contends that Fyfe's failure to complete a witness statement or otherwise internally document her fall evinces a "belief that Walmart had been negligent with respect to this spill," plaintiff's argument is unavailing. Pl.'s Resp. to Mot. Summ. J. at 12. Aside from the fact that such an inference would require impermissible speculation, defendant's employees'

Page 8 - OPINION AND ORDER

response to her fall is immaterial to whether one of the theories
of liability articulated in <u>Van Den Bron</u> is satisfied in the case
at bar. Defendant's motion is granted.

**CONCLUSION**

Defendant's motion for summary judgment (doc. 13) is GRANTED.
The parties' requests for oral argument are DENIED as unnecessary.
This case is DISMISSED.

IT IS SO ORDERED.

Dated this ___24th___ of July 2014.


_____
Ann Aiken
United States District Judge